FENDALL E. ALEXANDER *vs.* THE DISTRICT OF COLUMBIA.

LAW. No. 22,071.

{ Decided March 31, 1884.
{ The CHIEF JUSTICE and Justices Cox and JAMES sitting.

Where a public sewer is built, without right, upon land, the right of a subsequent purchaser to recover damages in respect to the existence of the sewer upon the land, is limited to such injuries as may have resulted therefrom since the date of the purchase.

THE CASE is stated in the opinion.

I. G. KIMBALL for plaintiff.

FRANCIS MILLER for defendant.

Mr. Justice Cox delivered the opinion of the court.

It appears that in August, 1872, the authorities of the District entered upon lot 6, in square No. 72, in the city of Washington, without the consent of the owner, and without any compensation to him, and built on the lot a large public sewer of about ten feet span, for public use. The sewer is now known as Slash run sewer. In 1875, three years afterwards, Mr. Alexander purchased the lot. He complained to the District of the existence of the sewer, and demanded damages for the injuries supposed to result to his property from it, and getting no relief in that way, he brought suit, on the 10th of July, 1880, and a stipulation was filed between counsel, admitting the plaintiff's ownership and the date when the sewer was constructed, and making a map attached to the declaration a part of the evidence. It was afterwards stipulated that the cause should be referred to James G. Payne, as auditor, to pass upon the respective rights of the parties, and that his award was to be subject to such exception as to the law, and to the findings of facts therein set forth, as either of the parties might elect to take and file.

Then, some time afterwards, another stipulation was made, to the effect that Mr. Payne, the auditor, should first decide whether the plaintiff was entitled to any compensation at all, and if he should decide that some compensation was due to the plaintiff, the attorneys for each party were to

select another arbitrator who was to act in conjunction with Mr. Payne, and they, were to determine the question of damages in any way they might desire, and their award on that point should not be subject to exceptions.

Mr. Payne proceeded to investigate the questions thus referred to him, and he states the result as follows:

" The law applicable to this state of facts I find to be as follows: That the plaintiff's ownership extends below the surface, and includes the portion of the soil wherein the sewer is located."

" That the defendant has no right to enter upon private land and construct the sewer unless such right be acquired by the consent of the owner or by some lawful proceeding in the nature of condemnation.

" That the original entry and construction of the sewer being without right, the maintenance of it is equally without right, and is a trespass.

" That in a case of unlawful interference with the owner's exclusive dominion and ownership over all above and below the surface, and his right to use and enjoy the same at will, no special damage need be alleged or proven. The law presumes that such damage will or may accrue.

" The plaintiff, in his declaration, counts upon the unlawful use, as well as the taking of the land; and, upon the facts and law as herein stated, I find the plaintiff entitled to compensation from the defendant."

Thereupon, Brooke Mackall and David E. McComb were selected by the parties, respectively, as additional arbitrators, and they made an award on the 21st of February, 1883, in which Mr. Payne and Mr. McComb united, saying:

" The undersigned, a majority of the arbitrators appointed in this cause by stipulation of the parties, and by order of the court, having viewed the premises known and described in this proceeding as lot 6, in square 72, in the city of Washington, &c., and having investigated the question of damages, and having determined and considered that the building and construction of the said sewer is an injury to the said lot, permanent and lasting in its character and du-

ration, and that the damages awarded in this proceeding are and shall be taken as full compensation to the plaintiff, the owner of said lot, for the injury arising from the *construction and maintenance* of the said sewer, do hereby determine and award that the amount due from the defendant, the District of Columbia, to the plaintiff, the said Fendall E. Alexander, by reason of the premises, is $1,700.

Then the attorney for the District filed an exception to the finding of the referee, Payne, for the reason that he decides that the plaintiff is entitled to recover for the original construction of the sewer as well as for its maintenance. He claims that, the sewer having been constructed in August, 1872, and the plaintiff not having become the owner of the property until August, 1875, the only damages that could be recovered by him, in this action, would be such as might be due him for maintenance of the sewer from the time he purchased up to the time of bringing this action.

It is conceded by both parties that the plaintiff is not entitled to recover for damages growing out of the original construction and existence of the sewer up to the time of his purchase, and the only question before us is whether the award of the referee does bear the construction put upon it by the excepting party. Now the substance of the award is, and Mr. Payne lays it down as the law, first, that the defendant has no right to enter upon private lands and construct a sewer, unless such right be acquired by the consent of the owner, or by some lawful proceeding in the nature of condemnation; and, next, that the original construction of the sewer being without right, the maintenance of it is equally without right and is a trespass. This last proposition is printed in italics in the record, the idea being that this was the proposition established by the award, and that the other proposition is only preliminary. But they are both stated with equal emphasis; first, that the District authorities had no right to enter upon the land; and, second, that they had no right to maintain the sewer, and the result of the finding is:

"The plaintiff, in his declaration, counts upon the unlaw-

ful use as well as the taking of the land, and upon the facts and law as herein stated, I find the plaintiff entitled to compensation from the defendant."

We think that only bears one interpretation, and that is that the referee gives the award for the original entry on the land and maintenance of it since, and the award made by him and the assistant arbitrator evidently proceeds precisely on the same theory; they having determined that the building and construction of the sewer is an injury to the lot, permanent in its character and duration, and that the damages awarded in this proceeding are to be for the full injury caused by the construction and maintenance of the sewer. This is equally emphatic with the original award, and covers all damages, we think, of the original construction, and the whole injury supposed to have been done to the property up to the time of the bringing of this action. And we are confirmed in this view by the amount which was awarded, because there is no evidence that during the ownership of this property by the plaintiff any special damages were suffered at all. He has had it five years, and it does not appear that any particular injury has been caused from it as a continuing or maintained nuisance. The $1,700 is clearly a compensation intended for the entire injury resulting from the construction and the permanent maintenance of the sewer there.

The award seems also to contemplate giving this sum for the permanent right to maintain a sewer there, just precisely as if the lands had been condemned by the District authorities. That is conceded in the argument by the plaintiff himself, and in that respect the award goes entirely beyond the scope of the stipulation of the parties. It may be that it would be better for the District to pay something for this right than to be subject to constant suits for maintaining this nuisance, if it is a nuisance; but we can only go by the stipulation of the parties, and we think that the award goes beyond it, and that the court was right in sustaining the exception to the award, in favor of the District.